J-S36035-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| OLEG AVETISOV | : | |
| | : | |
| Appellant | : | No. 134 EDA 2023 |

Appeal from the Judgment of Sentence Entered December 2, 2022
In the Court of Common Pleas of Pike County
Criminal Division at No(s):  CP-52-CR-0000088-2022

BEFORE:  BOWES, J., NICHOLS, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED SEPTEMBER 11, 2024**

Appellant, Oleg Avetisov, appeals from the judgment of sentence entered in the Pike County Court of Common Pleas, following his negotiated guilty plea to driving under the influence of alcohol—highest rate of alcohol ("DUI").[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. On September 28, 2021, Pennsylvania State Police Trooper Dominick Marino was dispatched to a motor vehicle accident at the entrance to the Wild Acres community in Delaware Township.  Upon arriving at the scene, Trooper Marino saw Appellant standing outside of his vehicle.  The vehicle had fresh damage from a collision.  Appellant told the trooper that "he struck a large rock on the

_____

[1] 75 Pa.C.S.A. § 3802(c).

left side of the entrance" to Wild Acres. (Affidavit of Probable Cause, dated 10/21/21, at 1). Trooper Marino immediately detected the odor of an alcoholic beverage emanating from Appellant's breath and person. Appellant "indicated that he consumed one 'beer' when asked." (*Id.*) Trooper Marino also interviewed a Wild Acres security officer, who had observed an open alcoholic beverage container inside of Appellant's vehicle.

Based upon the foregoing, Trooper Marino asked Appellant to perform standard field sobriety tests. Appellant complied with the trooper's request, but he failed the tests. Trooper Marino took Appellant into custody for suspicion of DUI, and the trooper provided Appellant with implied consent warnings. Appellant consented to blood alcohol testing, and another trooper transported Appellant to the local police station. Once at the station, testing revealed that Appellant's blood alcohol concentration was 0.205%.

Appellant's preliminary hearing was scheduled for February 22, 2022. On that date, Appellant waived the hearing and posted bail. On April 25, 2022, the Commonwealth filed a criminal information charging Appellant with two counts of DUI and summary violations of the Motor Vehicle Code. The information indicated that the current charges constituted a second DUI offense for Appellant. The information, however, did not elaborate on the

circumstances of Appellant's prior DUI.[2]

On June 30, 2022, Appellant executed a written guilty plea colloquy setting forth a plea agreement. Specifically, Appellant agreed to plead guilty to one count of DUI graded as a first-degree misdemeanor. All remaining charges would be dismissed at the time of sentencing. The preprinted colloquy form included a section titled "Sentence Recommendation." (Written Colloquy, filed 6/30/22, at 1). This section included the following term: "Imprisonment: Minimum Mandatory[.]" The colloquy later explained that the "minimum mandatory sentence" was ninety (90) days, and Appellant's maximum sentencing exposure was five (5) years' imprisonment.[3] (*Id.* at 4). Nevertheless, the Commonwealth agreed to recommend Appellant for enrollment in Pike County C.A.R.E., a program for probation with restrictive conditions, if Appellant satisfied certain prerequisites. The preprinted colloquy form stated:

---

[2] At the time the information was filed, **Commonwealth v. Chichkin**, 232 A.3d 959 (Pa.Super. 2020), held that the Commonwealth could not rely on evidence of a defendant's prior admission into an Accelerated Rehabilitative Disposition ("ARD") program as proof of a prior conviction for purposes of enhanced penalties for repeat DUI offenders. This Court later overruled **Chichkin** in **Commonwealth v. Richards**, 284 A.3d 214 (Pa.Super. 2022) (*en banc*), *appeal granted*, ___ Pa. ___, 294 A.3d 300 (2023) and **Commonwealth v. Moroz**, 284 A.3d 227 (Pa.Super. 2022) (*en banc*).

[3] An individual who violates Section 3802(c) shall be sentenced for a second offense to "imprisonment of not less than 90 days[.]" 75 Pa.C.S.A. § 3804(c)(2)(i). Additionally, the statutory maximum sentence for a first-degree misdemeanor is five (5) years' imprisonment. 18 Pa.C.S.A. § 106(b)(6).

> The Commonwealth agrees to recommend Pike C.A.R.E. if the defendant files the application w/ in 30 days of prelim. hearing, has no bail violations, and completes C.R.N. & D/A evaluations before 1st sentencing hearing.

(**Id.** at 1). That same day, the court conducted Appellant's guilty plea hearing. At the hearing, Appellant confirmed that the information included in the written colloquy was accurate, and Appellant understood the terms of the plea agreement. (**See** N.T. Plea Hearing, 6/30/22, at 2-3; R.R. at 50a-51a). After a brief oral colloquy, the court accepted the plea and scheduled the matter for sentencing.

Appellant initially appeared for sentencing on September 30, 2022. At the start of the hearing, the prosecutor reiterated that Appellant's plea agreement explicitly stated that "this is a guilty plea to a misdemeanor of the first degree [and] reflected that it is a second [DUI] offense. It also indicates that the minimum/mandatory is ninety (90) days and the maximum is five (5) years." (N.T. Hearing, 9/30/22, at 3; R.R. at 56a).[4] Regarding Appellant's prior offense, the prosecutor submitted a copy of the criminal complaint for a 2018 DUI. Defense counsel immediately objected, arguing that Appellant's prior DUI was expunged. Defense counsel invoked **Chichkin** and stated that

---

[4] The transcripts for Appellant's sentencing hearings do not appear in the certified record. The parties, however, do not dispute the material facts at issue. Consequently, we will consider the copies of the transcripts included in Appellant's reproduced record. **See Commonwealth v. Holston**, 211 A.3d 1264, 1276 (Pa.Super. 2019) (*en banc*) (explaining that where accuracy of document is undisputed, we may consider item included in reproduced record that was omitted from certified record).

Appellant "can't plead to a second offense" where his first DUI offense was expunged. (*Id.* at 4; R.R. at 57a). The prosecutor responded, "We've had individuals previously agree that they are second offenses so that they can get the benefit of Pike C.A.R.E., which is what this colloquy was for." (*Id.*) The prosecutor also explained that his office uses a different preprinted colloquy form for offenders who "make an argument or a non-acceptance that it was a second offense DUI[.]" (*Id.*) In light of the parties' arguments, the court opted to defer sentencing. The court did not instruct the parties to submit briefs before the next hearing date.[5]

The parties again appeared for sentencing on December 2, 2022. Initially, the prosecutor stated that he agreed with the Probation Department's sentencing recommendation of ninety (90) days to five (5) years' imprisonment, which comported with the mandatory minimum statute governing a second DUI offense. (*See* Guideline Sentence Form, filed 12/6/22, at 1). Defense counsel disagreed. First, counsel reiterated that *Chichkin* was controlling law when the Commonwealth charged Appellant, "which would have made this a first offense DUI." (N.T. Sentencing Hearing, 12/2/22, at 2; R.R. at 75a). Counsel also complained that the written colloquy stated that the C.A.R.E. program application should be filed within thirty days of the preliminary hearing. Because the parties executed the written colloquy

_____

[5] Four days later, on October 4, 2022, this Court issued its decisions in *Richards* and *Moroz*.

more than thirty days after the preliminary hearing, counsel argued that Appellant could not possibly file a timely application for the C.A.R.E. program. Therefore, the plea agreement was "void because of the condition precedent that cannot be satisfied and could not at that time of the signing" of the written colloquy. (*Id.* at 3; R.R. at 76a).

The prosecutor disputed this argument and claimed that a defendant may apply for the C.A.R.E. program "at any point[.]" (*Id.* at 4; R.R. at 77a). The prosecutor also indicated that Appellant did not file his application for the C.A.R.E. program until after Appellant's original sentencing hearing: "This is not like an application came in after a guilty plea and we're saying no. This is a total failure of applying for Pike C.A.R.E."[6] (*Id.* at 5; R.R. at 78a). Further, the prosecutor emphasized the language from Appellant's written colloquy, arguing:

> [T]his colloquy is different from the other *Chichkin* colloquies that we've had as this specifically says that this is a misdemeanor of the first degree. If we were to go to the factual basis page and we indicate the minimums and the maximums, it clearly identifies this as a second offense DUI indicating that the minimum mandatory is a ninety (90) day sentence and that the maximum is a five (5) year sentence, and this was done in this matter for the benefit of

---

[6] Appellant included a copy of his C.A.R.E. program application, dated October 13, 2022, in the reproduced record. (*See* Application, dated 10/13/22, at 1-12; R.R. at 62a-73a). Regarding the filing requirements, the application states: "To guarantee your application will be processed in time for court, you **MUST RETURN THIS APPLICATION** (which includes completion of all requirements listed within) to the Pike County District Attorney's Office **no later than 2 weeks prior to your Court Order Sentencing date.**" (*Id.* at 3; R.R. at 64a) (emphasis in original).

Pike C.A.R.E. If this was an issue in which we were going to be discussing *Chichkin* at the time that this agreement was made, the *Chichkin* colloquy would have been provided leaving all of this information open to the court's discretion and Pike C.A.R.E. would not have been offered at all because we have not offered Pike C.A.R.E. on any of the *Chichkin* cases that we've had thus far.

(*Id.*)

Ultimately, the court elected to treat the current DUI as a second offense for sentencing purposes. Prior to the imposition of sentence, defense counsel made an oral motion to withdraw Appellant's guilty plea. (*See id.* at 7; R.R. at 80a). The court immediately dictated an order from the bench to deny the oral motion. (*Id.*) Thereafter, the court sentenced Appellant to ninety (90) days to five (5) years' imprisonment. The court also permitted Appellant to remain at liberty on bail pending any appeal.

On December 12, 2022, Appellant timely filed a post-sentence motion. In it, Appellant argued that: 1) *Chichkin* was controlling law at the time of his preliminary hearing, guilty plea, and the September 30, 2022 sentencing hearing; 2) under *Chichkin*, Appellant's prior acceptance of ARD for the 2018 DUI would not have counted as a first offense for purposes of subjecting Appellant to an enhanced penalty; and 3) because of *Chichkin*, the mandatory sentence mentioned in the plea agreement was illegal. Appellant insisted that he should "have been subject to the penalties for a first offense DUI, consisting of a period of incarceration of not less than 72 hours nor more than 6 months." (Post-Sentence Motion, filed 12/12/22, at ¶25). For these

reasons, Appellant concluded that the court needed to vacate his sentence and permit withdrawal of the guilty plea. By order entered December 14, 2022, the court denied Appellant's post-sentence motion.

Appellant timely filed a notice of appeal on January 9, 2023. On January 11, 2023, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed his Rule 1925(b) statement on January 30, 2023.

Appellant now raises two issues for our review:

> Whether the trial court erred when denying [Appellant's] presentence motion to withdraw his guilty plea when at the time of entering the plea the proposed sentence was illegal?
>
> Whether the trial court erred when sentencing [Appellant] to a period of incarceration instead of the Pike C.A.R.E. program as set forth in the guilty plea?

(Appellant's Brief at 5).

Appellant's issues are related, and we address them together. Appellant asserts that he established a "fair and just" reason warranting withdrawal of the guilty plea because the parties "never had a clear agreement as to … the minimum mandatory sentence contained" in the written plea colloquy. (*Id.* at 13). Appellant maintains that he was "guided by the then controlling law set forth in *Chichkin*, with the understanding that this would be considered a first offense DUI with a minimum mandatory period of incarceration of 72 hours." (*Id.*) Because the Commonwealth "apparently believed" that Appellant had committed a second offense DUI, Appellant suggests that "there

- 8 -

was never a meeting of the minds," and his guilty plea was not knowing or intelligent. (*Id.* at 14). Appellant also claims that "the guilty plea in and of itself was not a legal plea" because *Chichkin* applied, and the court could not treat the instant DUI as a second offense. (*Id.*) Appellant acknowledges that this Court overruled *Chichkin* by the time the court imposed his sentence, but he insists that the change in law did not cure the "inherent defect in the guilty plea that existed at the time it was entered and accepted by the court." (*Id.*)

Moreover, Appellant argues that the Commonwealth breached the plea agreement by refusing to recommend Appellant for admission into the C.A.R.E. program. Regarding the admission criteria, Appellant notes that he "had no bail violations and completed [all] evaluations in a timely manner, prior to the first sentencing hearing." (*Id.* at 15). To the extent that the program required the submission of an application within thirty days of the preliminary hearing, Appellant reiterates that this "condition precedent" was impossible for him to satisfy based upon the timing of the entry of his plea. (*Id.*) Appellant concludes that this Court must vacate his judgment of sentence and remand the matter for the withdrawal of the plea or a new sentence directing Appellant's admission into the C.A.R.E. program. We disagree.

Generally, the entry of a guilty plea constitutes a waiver of all defects and defenses except lack of jurisdiction, invalidity of the plea, and legality of

the sentence. ***See Commonwealth v. Main***, 6 A.3d 1026 (Pa.Super. 2010).

This Court reviews the denial of a presentence motion to withdraw a guilty

plea for an abuse of discretion. ***Commonwealth v. Gordy***, 73 A.3d 620

(Pa.Super. 2013), *appeal denied*, 624 Pa. 687, 87 A.3d 318 (2014). ***See also***

Pa.R.Crim.P. 591(A) (stating: "At any time before the imposition of sentence,

the court may, in its discretion, permit, upon motion of the defendant, or

direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and

the substitution of a plea of not guilty").

"[T]he proper inquiry on consideration of such a withdrawal motion is

whether the accused has made some colorable demonstration, under the

circumstances, such that permitting withdrawal of the plea would promote

fairness and justice." ***Commonwealth v. Carrasquillo***, 631 Pa. 692, 706,

115 A.3d 1284, 1292 (2015).

> In the seminal case of ***Commonwealth v. Forbes***, 450 Pa.
> 185, 299 A.2d 268 (1973), the Supreme Court set forth the
> standard for determining when a motion to withdraw a guilty
> plea prior to sentencing should be granted. The Court
> stated that "[a]lthough there is no absolute right to
> withdraw a guilty plea, properly received by the trial court,
> it is clear that a request made before sentencing … should
> be liberally allowed." 450 Pa. at 190, 299 A.2d at 271. The
> Court then outlined the now well-established two[-]prong
> test for determining when to grant a pre-sentence motion
> to withdraw a plea: (1) the defendant has provided a "fair
> and just reason" for withdrawal of his plea; and (2) the
> Commonwealth will not be "substantially prejudiced in
> bringing the case to trial." ***Id.***

***Commonwealth v. Muhammad***, 794 A.2d 378, 382-83 (Pa.Super. 2002).

Where a withdrawal request is based on an allegation that the plea

- 10 -

colloquy was inadequate, we look to Rule of Criminal Procedure 590, which states that when considering a plea agreement: "The judge shall conduct a separate inquiry of the defendant on the record to determine whether the defendant understands and voluntarily accepts the terms of the plea agreement on which the guilty plea or plea of *nolo contendere* is based." Pa.R.Crim.P. 590(B)(2). The comment to Rule 590 sets forth the following information that the judge must ascertain in determining whether to accept a plea:

(1)    Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?

(2)    Is there a factual basis for the plea?

(3)    Does the defendant understand that he or she has the right to trial by jury?

(4)    Does the defendant understand that he or she is presumed innocent until found guilty?

(5)    Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6)    Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

(7)    Does the defendant understand that the Commonwealth has a right to have a jury decide the degree of guilt if the defendant pleads guilty to murder generally?

Pa.R.Crim.P. 590 (Comment).

This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. ***See Muhammad, supra***.

A guilty plea will be deemed valid if an examination of the totality of the circumstances surrounding the plea shows that the defendant had a full understanding of the nature and consequences of his plea such that he knowingly and voluntarily entered the plea of his own accord. *See Commonwealth v. Rush*, 909 A.2d 805 (Pa.Super. 2006). Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise. *See Commonwealth v. Pollard*, 832 A.2d 517 (Pa.Super. 2003). "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Id.* at 523.

Additionally, the following principles govern the enforcement of plea agreements:

> Plea bargaining is not some adjunct to the criminal justice system; it is the criminal justice system. Accordingly, it is critical that plea agreements are enforced, to avoid any possible perversion of the plea bargaining system. The disposition of criminal charges by agreement between the prosecutor and the accused, … is an essential component of the administration of justice. Properly administered, it is to be encouraged. In this Commonwealth, the practice of plea bargaining is generally regarded favorably, and is legitimized and governed by court rule…. A "mutuality of advantage" to defendants and prosecutors flows from the ratification of the bargain.
>
> \* \* \*
>
> Although a plea agreement occurs in a criminal context, it remains contractual in nature and is to be analyzed under contract-law standards. Furthermore, disputes over any

- 12 -

particular term of a plea agreement must be resolved by objective standards. A determination of exactly what promises constitute the plea bargain must be based upon the totality of the surrounding circumstances and involves a case-by-case adjudication.

Any ambiguities in the terms of the plea agreement will be construed against the Government. Nevertheless, the agreement itself controls where its language sets out the terms of the bargain with specificity. Regarding the Commonwealth's duty to honor plea agreements, well-settled Pennsylvania law states:

> Our courts have demanded strict compliance with that duty in order to avoid any possible perversion of the plea bargaining system, evidencing the concern that a defendant might be coerced into a bargain or fraudulently induced to give up the very valued constitutional guarantees attendant the right to trial by jury.

> Whether a particular plea agreement has been breached depends on what the parties to the agreement reasonably understood to be the terms of the agreement.

*Commonwealth v. Moose*, 245 A.3d 1121, 1129-30 (Pa.Super. 2021) (*en banc*), *appeal denied*, ___ Pa. ___, 268 A.3d 1077 (2021) (internal citation omitted). *See also Commonwealth v. Dalberto*, 648 A.2d 16, 21 (Pa.Super. 1994), *cert. denied*, 516 U.S. 818, 116 S.Ct. 75, 133 L.Ed.2d 34 (1995) (stating, "[I]n a 'negotiated' plea agreement, where a sentence of specific duration has been made part of a plea bargain, it would clearly make a sham of the negotiated plea process for courts to allow defendants to later challenge their sentence; this would, in effect, give defendants a second bite at the sentencing process").

Nevertheless, "a criminal defendant cannot agree to an illegal sentence, so the fact that the illegality was a term of his plea bargain is of no legal significance." **Commonwealth v. Warunek**, 279 A.3d 52, 54 (Pa.Super. 2022) (quoting **Commonwealth v. Rivera**, 154 A.3d 370, 381 (Pa.Super. 2017) (*en banc*)). "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." **Id.** (quoting **Commonwealth v. Ramos**, 197 A.3d 766, 769 (Pa.Super. 2018)).

Instantly, the trial court evaluated Appellant's arguments and determined that the written plea colloquy properly informed Appellant about his possible sentencing exposure:

> [Appellant] was represented by competent counsel at all relevant stages of the prosecution, including negotiation of the terms of the plea agreement, review of the written guilty plea colloquy, and entry of the plea in open court. He acknowledged and understood the nature, elements, and grading of the offense to which he entered his plea. Furthermore, at oral argument on the post-sentence motion, counsel for the Commonwealth indicated that the grading of the offense was a deliberate choice by [Appellant], in order to open eligibility for the Pike C.A.R.E. program, which would not otherwise have been available had the DUI been graded as a first offense ungraded misdemeanor.

(Trial Court Opinion, filed 3/15/23, at 2-3) (unnumbered). Regarding **Chichkin**, the court observed that Appellant's reliance on its validity "was a risk that [Appellant] took if it was indeed his intent to seek a post hoc voiding of his plea." (**Id.** at 3).

Under the circumstances of this case, we cannot say that the court

- 14 -

abused its discretion in denying Appellant's presence request to withdraw the guilty plea. ***See Gordy, supra***. We emphasize the court's observation that Appellant obtained the possibility of a recommendation for the C.A.R.E. program by accepting the terms of the plea agreement. Appellant, however, inexplicably delayed the completion of his program application, which resulted in the Commonwealth withholding its recommendation. The Commonwealth's decision to withhold the recommendation was reasonable where Appellant failed to file his program application prior to the date of the original sentencing hearing. To the extent Appellant continues to argue that he could not submit a timely application more than thirty days after the preliminary hearing, the express terms of the application belie this claim. (***See*** Application, dated 10/13/22, at 3; R.R. at 64a).

Moreover, this is not a case where Appellant is arguing that he was innocent, or he entered the plea under duress. ***See Carasquillo, supra*** (explaining that defendant's plausible claim of innocence may amount to fair and just reason for presence withdrawal of plea); ***Commonwealth v. Elia***, 83 A.3d 254, 264 (Pa.Super. 2013), *appeal denied*, 626 Pa. 674, 94 A.3d 1007 (2014) (stating that defendant presented fair and just reason supporting presence withdrawal of plea where he felt "bullied" by counsel into taking plea offer, and defendant was inclined to challenge Commonwealth's evidence at trial). ***Compare Commonwealth v. Broaden***, 980 A.2d 124 (Pa.Super. 2009), *appeal denied*, 606 Pa. 644, 992 A.2d 885 (2010) (holding that

defendant was not entitled to presentence withdrawal of guilty plea where his arguments were directed at convincing sentencing court not to impose mandatory minimum sentence; defendant did not move to withdraw plea prior to sentencing hearing and did not assert innocence). This is also not a case where Appellant was unaware of the maximum possible penalty for his crime. Likewise, Appellant did not plead guilty to avoid a sentence that the court did not have the power to impose. *See Commonwealth v. Hodges*, 789 A.2d 764, 767 (Pa.Super. 2002) (holding "in the event the maximum sentence communicated to a criminal defendant is in fact an illegal sentence, the plea process has been tainted from the outset and manifest injustice is established"). *See also Commonwealth v. Lenhoff*, 796 A.2d 338, 343 (Pa.Super. 2002) (explaining that defendant made on-the-record statement that he entered plea to avoid ten-year sentence, however, court did not have authority to impose that sentence; "plea was fatally flawed from the start, as in *Hodges*, by the defendant's desire to avoid a sentence that the court did not have the power to impose").

Here, Appellant executed a written guilty plea colloquy confirming that: 1) he was pleading guilty to DUI; 2) the offense was graded as a first-degree misdemeanor; 3) the offense included a mandatory minimum term of ninety (90) days and a maximum penalty of five (5) years' imprisonment; and 4) the Commonwealth agreed to recommend admission to the C.A.R.E. program if Appellant satisfied certain prerequisites. The court subsequently imposed a

legal sentence that was consistent with these terms. **See Moroz, supra**; **Richards, supra**.[7] While Appellant now attempts to claim that the plea agreement did not represent a "meeting of the minds" as to sentencing, Appellant is bound by his statement from the oral colloquy that he understood the terms of the agreement. **See Pollard, supra**. The agreement made no mention of a seventy-two (72) hour minimum sentence pursuant to **Chichkin**. If this is the sentence Appellant truly expected to receive, he should have taken steps to memorialize his expectation in the agreement. Based upon the foregoing, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judge Bowes concurs in the result.

Judge Nichols files a concurring memorandum.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/11/2024

---

[7] Although **Richards** remains pending with our Supreme Court, we are still bound by its holding. **See Commonwealth v. Boyd**, 284 A.3d 895 (Pa.Super. 2022) (reiterating general rule that appellate courts apply law in effect at time of appellate review).