J-S21033-22

2022 PA Super 121

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JASON WARUNEK | : | |
| | : | |
| Appellant | : | No. 1626 MDA 2021 |

Appeal from the Judgment of Sentence Entered November 12, 2021
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0004460-2019

BEFORE: DUBOW, J., KUNSELMAN, J., and PELLEGRINI, J.*

OPINION BY PELLEGRINI, J.:                    **FILED JULY 12, 2022**

In this appeal, Jason Warunek (Warunek) appeals the restitution provisions of the judgment of sentence entered by the Court of Common Pleas of Berks County (trial court). We vacate in part.

The underlying facts are not in dispute. In 2019, Warunek was arrested and charged with several criminal offenses in connection with a serious hit-and-run traffic accident. The victim, Keith Koble, suffered injuries requiring eight surgeries and a hospital stay lasting 54 days. The Commonwealth presented a victim impact statement which documented the extent of Koble's pain and suffering, as well as the substantial costs of his medical treatment, almost all of which was covered by insurance companies.

_____

* Retired Senior Judge assigned to the Superior Court.

On November 12, 2021, Warunek entered an open plea to one count of leaving the scene of an accident (75 Pa.C.S. § 3742(a)). During the plea colloquy, Warunek admitted that he was the operator of the motor vehicle which was involved in the accident in which Koble was injured; he also admitted that he did not stay at the scene of the accident to render aid as required by Section 3742(a). **See** Plea Hearing Transcript, 11/12/2021, at pp. 5-6. In exchange for this plea, the Commonwealth dropped the remaining charges.

Warunek was then sentenced to a prison term of three to 23 months, followed by five years of probation. At the same hearing at which the plea was entered and the sentence was imposed, the trial court ordered Warunek to pay $643,358.79 in restitution. Out of that total restitution amount, Warunek was directed to pay $2,668 to the victim; $12,172 to Progressive Insurance; and $628,518.74 to Aetna Insurance. Warunek's counsel stated at the plea hearing that Warunek "agrees with that amount." Plea Hearing Transcript, 11/12/2021, at pp. 11-12.

A post-sentence motion was not filed within 10 days after the imposition of sentence. Instead, 18 days later, on November 29, 2021, Warunek filed an untimely "Petition for Leave to File Post Sentence Motion *Nunc Pro Tunc* and Motion for Modification of Sentence *Nunc Pro Tunc*." No reason was given for the motion's untimely filing. The trial court summarily denied the motion.

Warunek filed a timely appeal, and in his Pa. R.A.P. 1925(b) statement, he asserted that the trial court abused its discretion by imposing an excessive restitution amount that was not supported by the record and by denying his untimely petition for *nunc pro tunc* relief. In its 1925(a) opinion, the trial court found that Warunek waived any objection to the restitution order because his trial counsel agreed that the restitution amount was proper and no reasons had been given for the untimely post-sentence.

On appeal, Warunek contends that the restitution amount was improper because he had not admitted pursuant to the plea that his criminal conduct was either the cause of the victim's injuries or his resulting medical costs. Rather, Warunek only pleaded guilty to the offense defined in Section 3742(a), which criminalizes the failure to remain at the scene of an accident, but not the conduct which causes an accident:

> The driver of any vehicle involved in an accident resulting in injury or death of any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 3744 (relating to duty to give information and render aid).

75 Pa.C.S. § 3742(a).

Before addressing Warunek's substantive contention, we must first address whether the issue is preserved for appellate review. Even though the issue now raised was not presented to the trial court in the first instance, the issue is nevertheless reviewable if it relates to the illegality of sentence. "If no statutory authorization exists for a particular sentence, that sentence is

- 3 -

illegal and subject to correction. An illegal sentence must be vacated[.]" ***Commonwealth v. Ramos***, 197 A.3d 766, 769 (Pa. Super. 2018) (citation and quotation marks omitted). "[A] criminal defendant cannot agree to an illegal sentence, so the fact that the illegality was a term of his plea bargain is of no legal significance." ***Commonwealth v. Rivera***, 154 A.3d 370, 381 (Pa. Super. 2017) (*en banc*) (citation and quotation marks omitted). "[A] challenge to the legality of the sentence can never be waived and may be raised by this Court *sua sponte.*" ***Commonwealth v. Wolfe***, 106 A.3d 800, 801 (Pa. Super. 2014) (citation omitted). When imposed as a part of a judgment of sentence, an order of restitution is reviewable as a matter of law under a *de novo* standard. ***See Commonwealth v. Muhammed***, 219 A.3d 1207, 1211 (Pa. Super. 2019). Even though his counsel agreed to the amount of restitution, if there is no legal basis for its imposition, the sentence is reviewable.

Here, Warunek contends that his judgment of sentence contains an illegal restitution order because it was never proven or even admitted that his conduct was causally connected to the victim's injuries and medical costs. The restitution statute, 18 Pa.C.S. § 1106, authorizes restitution in criminal cases and enumerates the factors courts must consider when determining the restitution amount. Restitution is mandatory in criminal cases under 42 Pa.C.S. § 9721(c), but only when the damages flow out of a crime for which the defendant is found guilty. That is, restitution is only proper if there is "a

direct link between the crime and the requested damages for restitution to be ordered under Section 1106(a)." ***Commonwealth v. Holmes***, 155 A.3d 69, 83 (Pa. Super. 2017).

While the transcript of Warunek's plea colloquy reflects that he admitted that he was the driver of the vehicle that struck the victim and caused his injuries, the established criminal culpability was limited to leaving the scene of the accident without rendering aid in violation of 75 Pa.C.S. § 3742(a). Crucially, Warunek's admission to violating Section 3742(a) did not establish the requisite causal link between Warunek's criminal conduct and the restitution imposed at sentencing:

> **The unit of prosecution for a Section 3742(a) conviction does not depend upon the results of the accident, including the number of victims or the severity of their injuries**. Section 3742(a) makes it a criminal offense for the "driver of any vehicle involved in an accident resulting in injury or death of any person" to remain at the scene until the duties set forth in Section 3744 are fulfilled.
>
> . . . .
>
> Based upon this statutory language, it is solely involvement in an accident that triggers the obligation to stop and remain at the scene. This obligation applies to every driver involved in an accident, and in no respect does the obligation depend upon whether the driver caused the accident (directly or indirectly). **The relevant statutory language in Section 3742(a) includes no indication that the General Assembly intended for a violation to be based upon consideration of who caused an accident or its results**.

***Commonwealth v. Satterfield***, 255 A.3d 438, 448 (Pa. 2021) (emphases added, internal citations omitted).

In analogous situations, this Court has stricken an award of restitution where the defendant has pleaded guilty only to a hit-and-run in violation of Section 3742(a), but not to a crime directly resulting in physical harm to the victim:

> [T]he death of the victim was not the result of the actions for which appellant has been held criminally responsible. The summary of facts at the guilty plea hearing indicated that appellant struck the victim and inflicted fatal injuries. In pleading guilty appellant admitted only that he violated the law when he left the scene of the accident without rendering aid or providing the information required by 75 Pa.C.S. § 3744. He did not admit that he was in any way criminally responsible for having struck the accident victim. Nor was appellant charged with any offense purporting to hold him criminally responsible for the victim's death. Indeed a review of the guilty plea record suggests that such charges may well have been considered and found unsupportable. **Thus, the death of the victim stemmed from the collision itself, not appellant's act of leaving the scene of the accident, and appellant was not charged or convicted of any crime holding him criminally responsible for having struck and killed the victim**.

*Commonwealth v. Cooper*, 466 A.2d 195, 196-97 (Pa. Super. 1983) (emphasis added).

We find this case to be indistinguishable from *Cooper*. As in that case, the record does not establish that Warunek's criminal conduct in leaving the scene of the accident is what caused the victim's injuries. The lack of evidence establishing that requisite causal connection between the admitted criminal conduct and the victim's injuries, therefore, precluded the trial court from imposing restitution against Warunek. Thus, the restitution provisions in the judgment of sentence cannot stand.

- 6 -

Judgment of sentence vacated in part. Case remanded for resentencing on the restitution portion of the sentence. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/12/2022