J-A27022-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| EILEEN JULIE DOUGHERTY | : | No. 654 MDA 2023 |

Appeal from the Judgment of Sentence Entered February 27, 2023
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0000599-2021

BEFORE:   LAZARUS, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED: MARCH 26, 2024**

The Commonwealth appeals from the judgment of sentence imposed following Appellee Eileen Julie Dougherty's conviction for third-degree murder. On appeal, the Commonwealth raises a challenge to both the legality and the discretionary aspects of Appellee's sentence.  After careful review, we vacate the judgment of sentence and remand for re-sentencing.

Briefly, Appellee was charged with third-degree murder[1] and related offenses following a 2021 domestic dispute that resulted in the death of George Shencavitz.  On January 13, 2023, Appellee entered an open guilty plea to one count of third-degree murder.  Prior to sentencing, the trial court

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2502(c).

ordered a pre-sentence investigation (PSI) report. Appellee filed a sentencing memorandum, which the trial court summarized as follows:

> The memorandum, seeking a mitigated range sentence, reiterated and expanded upon Appellee's version of events leading to the victim's untimely death, as indicated in her PSI report. It also included attachments apparently submitted in support of her assertions: (A) a copy of the petition to obtain a protection from abuse order against the victim and executed by his ex-spouse, Angela Shencavitz; (B) copies of text messages with [] Jenny Erickson, in which the victim mad[e] disparaging remarks about his ex-wife; (C) copies of text messages with [] Mary Fitzpatrick, in which the victim made disparaging remarks about his ex-wife; (D) a photograph purportedly of the victim choking Appellee during a sex act, which [was] sealed due to its graphic nature; (E) text messages between the victim and Nina Huskic, his alleged paramour; and (F) two reports from Lackawanna County House Arrest indicating that Appellee requested a transfer due to a developing domestic situation at approximately 9:00 p.m. and 9:20 p.m. [on March 3, 2021].[fn1] The Commonwealth objected to the admission of said exhibits at the time of sentencing, and [the trial] court overruled.
>
> > [fn1] The instant offense occurred while Appellee served a sentence for two prior offenses of abuse of a care dependent person, to which Appellee pled guilty on or about September 9, 2020. The Honorable Michael J. Barrasse imposed sentence with respect to the matter, docketed at CP-35-CR-873-2020, in the aggregate of eight to 23 months [of] incarceration, to be followed by eight years and one month of probation on November 17, 2020. On or about December 23, 2020, the court permitted Appellee's early release to home confinement, which occurred on January 5, 2021. Appellee maxed out on the confinement portion of her sentence while awaiting disposition of the instant matter on or about October 17, 2022.

Trial Ct. Op., 7/5/23, at 4-5.

At sentencing, after hearing argument from both parties, as well as statements from members of the victim's family, the trial court imposed a

mitigated sentence of seven and one-half to fifteen years of incarceration, to be followed by ten years' probation. The trial court ordered Appellee's sentence to run concurrently with a probation sentence that she was already serving in an unrelated case at Docket No. 873-2020.

Both parties filed timely post-sentence motions, which the trial court denied. The Commonwealth timely filed a notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing the Commonwealth's claims.

The Commonwealth raises the following issues for our review:

1. Whether the trial court abused its discretion or committed an error of law in relying on [Appellee's] sentencing memorandum which contained allegations that had no basis in the record and were unauthenticated, unsubstantiated, irrelevant to the sentence, and inadmissible, and which the Commonwealth had no opportunity to challenge.

2. Whether the trial court abused its discretion in imposing a sentence in the mitigated range for insufficient reasons where the evidence the [trial] court relied on was not supported by the record and was only provided at the time of sentencing with no opportunity for the Commonwealth to challenge the evidence.

3. Whether the trial court's sentence in the mitigated range was clearly unreasonable under the circumstances of this case, considering the need to protect the public; the gravity of the offense through which the victim lost his life after being stabbed multiple times while attempting to flee; the impact of [Appellee's] crime on the community and the victim's family; [Appellee's] self-inflicted wounds; [Appellee's] prior crime for which she was on home confinement at the time of the murder, and [Appellee's] demonstration of her inability to rehabilitate.

4. Whether the trial court abused its discretion and committed an error of law when it ordered that [Appellee's] sentence be concurrent to her sentence of probation on a prior crime.

- 3 -

Commonwealth's Brief at 5.

Because the Commonwealth's fourth issue challenges the legality of Appellee's sentence, we address it first. The Commonwealth argues that the trial court imposed an illegal sentence by ordering the sentence of imprisonment in the instant case to run concurrent with a probationary term Appellee was already serving at Docket No. 873-2020. Commonwealth's Brief at 45. The Commonwealth concludes that because this sentence is illegal, it must be vacated. *Id.*

Appellee responds that the Commonwealth "inaccurately argues that the trial court sentenced [] Appellee to a simultaneous incarceration and probationary sentence." Appellee's Brief at 32. Appellee further argues that it was "[t]he unambiguous intent of the trial court [] to impose a term of probation consecutive to Appellee's term of incarceration, and concurrent to Appellee's previously imposed term of probation on [Docket No. 873-2020]." *Id.* at 33.

The principles governing our review are well settled. "[A] challenge to the legality of a sentence raises a question of law. In reviewing this type of claim, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Muhammed*, 219 A.3d 1207, 1211 (Pa. Super. 2019) (citations omitted). "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." *Commonwealth v. Warunek*, 279 A.3d 52, 54 (Pa. Super. 2022) (citation omitted and some formatting altered).

This Court has previously considered whether a defendant can simultaneously serve a term of probation while serving a term of confinement. *Commonwealth v. Allshouse*, 33 A.3d 31 (Pa. Super. 2011), *overruled on other grounds*, *Commonwealth v. Simmons*, 262 A.3d 512 (Pa. Super. 2021) (*en banc*).  The **Allshouse** Court held that there was "no support in the Pennsylvania statutes that the General Assembly intended to permit defendants to serve a term of probation and a term of state incarceration simultaneously.  To do [so] would run contrary to the various policy considerations underlying sentencing."  **Allshouse**, 33 A.3d at 36 (footnotes omitted); *see also Commonwealth v. Brown*, 145 A.3d 184, 187-88 (Pa. Super. 2016) (applying **Allshouse** and concluding that a defendant may not serve a term of incarceration and probation concurrently).

Finally, we note that in general, where there is a discrepancy between the written sentencing order and the statements at the sentencing hearing, it is the text of the sentencing order that controls.  *See Commonwealth v. Kremer*, 206 A.3d 543, 548 (Pa. Super. 2019).

In **Kremer**, this Court considered an appeal from an order purporting to correct an original judgment of sentence imposed over twenty years prior. *Id.* at 545.  In addressing whether a trial court has the authority to correct a "clear clerical error," the **Kremer** Court held as follows:

> [F]or a trial court to exercise its inherent authority and enter an order correcting a defendant's written sentence to conform with the terms of the sentencing hearing, the trial court's intention to impose a certain sentence must be obvious on the face of the sentencing transcript. . . .  Stated differently, only when a trial

- 5 -

court's intentions are clearly and unambiguously declared during the sentencing hearing can there be a "clear clerical error" on the face of the record, and the [signed] sentencing order subject to later correction.

If, on the other hand, a trial court's stated intentions during the sentencing hearing are ambiguous, then the terms of the sentence in the [signed] sentencing order control, and the trial court cannot correct its perceived mistake. **See Commonwealth v. Isabell**, 467 A.2d 1287, 1292 (Pa. 1983) ([stating] "Generally, the signed sentencing order, if legal, controls over oral statements of the sentencing judge not incorporated into the signed judgment of sentence"); . . . This is because the alleged error in the sentencing transcript is not a "clear clerical error," but rather, is an ambiguity that must be resolved by reference to the written sentencing order.

**Id.** at 548 (some citations omitted and formatting altered).

After this Court's decision in **Kremer**, our Supreme Court considered a case in which the record contained two different written sentencing orders. **Commonwealth v. McGee**, 302 A.3d 659, 661-62 (Pa. 2023). In that case, the trial court orally imposed an aggregate sentence of thirty-two and a half years to sixty-five years' imprisonment, which was comprised of multiple consecutive and concurrent sentences. **Id.** at 661. The trial court also issued a typewritten sentencing order that was "wholly consistent with the sentence the trial court orally imposed on the record." **Id.** On appeal, our Supreme Court noted that in addition to the typewritten sentencing order, there was a handwritten sentencing order. The **McGee** Court explained that although the handwritten order had omitted some of the underlying concurrent sentences, it accurately reflected the aggregate sentence set forth in the trial court's typewritten order. **Id.** at 669. Specifically, our Supreme Court explained:

> [I]n the limited space available on the pre-printed form, the trial court listed the *consecutive* sentences which resulted in [the defendant's] aggregate sentence of [thirty-two and one half] to [sixty-five] years' imprisonment, a sentence which is not disputed. In our view, the trial court's abbreviated recitation of the [defendant's] sentence on the handwritten sentencing order does not render the handwritten and typewritten sentencing orders "irreconcilable," nor does it evidence a patent and obvious error in the record.

*Id.* (footnote omitted and emphasis in original).

In the instant case, the trial court announced its sentence from the bench as follows:

> So based upon my review of the [PSI report], all the facts and circumstances surrounding this case, it will be the sentence of [the trial court] that [Appellee] be sentenced to a term of incarceration for a period of seven and a half to fifteen years, followed by ten years['] probation. Pay the cost of prosecution. I want you to get a complete mental health assessment and abide by all the recommendations. This sentence shall run concurrent to the probationary term of eight years and one month that you are currently serving.

N.T. Sentencing Hr'g, 2/27/23, at 56-57.

However, two written orders appear in the record—one order that includes handwriting from the trial judge (the handwritten order), and one typewritten order that was produced by the Common Pleas Case Management System (the typewritten order). The handwritten order is entitled "Sentencing Order" with handwritten notations from the trial judge, and it was signed by the trial judge. Although the handwritten order indicated that Appellee's sentences were to be served consecutively, the trial judge also circled the word "concurrent" and wrote "with [Appellee's] other sentence" after

referencing Appellee's probation sentence in the instant case. **See** Trial Ct. Order, 2/27/23 (handwritten order).

However, the typewritten order indicates that all of Appellee's sentences are to be served consecutively. **See** Trial Ct. Order, 2/27/23 (typewritten order).

On this record, the discrepancy between the handwritten order and the typewritten order represents a patent and obvious error in the record. **Cf. McGee**, 302 A.3d at 669. Although the trial judge indicated that Appellee's sentences were to be served consecutively during the sentencing hearing and in the typewritten order, the handwritten order reflects that the trial judge circled the word "concurrent," and wrote "with [Appellee's] other sentence" after referencing Appellee's probation sentence. **See** Trial Ct. Order, 2/27/23. **Cf. McGee**, 302 A.3d at 669.

Unlike in **McGee**, in the instant case, there are two written sentencing orders that are irreconcilable. We are, therefore, constrained, on this record, to vacate Appellee's judgment of sentence and remand for resentencing in order for the trial court to enter clarify its intent in imposing a judgment of sentence. Accordingly, we vacate the judgment of sentence and remand this case for resentencing.[2]

_____

[2] Because our disposition vacates Appellee's judgment of sentence and remands to the trial court for re-sentencing, we do not reach the Commonwealth's issues challenging the discretionary aspects of Appellee's sentence.

Judgment of sentence vacated. Case remanded for re-sentencing. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 03/26/2024