J-S33009-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : | |
| v. | : | |
| DWAYNE ERIC LEE | : | No. 1471 MDA 2023 |

Appeal from the Judgment of Sentence Entered June 29, 2023
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0003175-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| DWAYNE ERIC LEE | : | |
| Appellant | : | No. 1521 MDA 2023 |

Appeal from the Judgment of Sentence Entered June 29, 2023
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0003175-2022

BEFORE:  OLSON, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY OLSON, J.:                    **FILED: DECEMBER 31, 2024**

Dwayne Eric Lee (Appellant), appeals from the judgment of sentence entered on June 29, 2023, following his summary convictions for multiple violations of the Motor Vehicle Code.  In a cross-appeal, the Commonwealth of Pennsylvania (Commonwealth) challenges the sentence imposed as illegal.  Upon careful consideration, we affirm Appellant's convictions but vacate the

sentence and remand for additional proceedings consistent with this memorandum.

The trial court summarized the facts and procedural history of this case as follows:

> On May 19, 2022, Shane Sager, a trooper with the Pennsylvania State Police, filed a criminal complaint charging Appellant with one (1) count of fleeing or attempting to elude officer, one (1) count of driving while driver's license is suspended or revoked, one (1) count of exceeding 55 miles per hour, one (1) count of careless driving, one (1) count of reckless driving, two (2) counts of turning movements and required signals, ten (10) counts of disregarding traffic lanes, one (1) count of failure to stop at red signal, and one (1) count of obedience to traffic-control devices. The charges stemmed from an incident on May 17, 2022, when it was alleged that Appellant fled from Trooper Sager on a motorcycle travelling in excess of 126 miles per hour and committing several traffic violations in the process. Trooper Sager terminated his pursuit of Appellant due to safety and was unable to detain him; therefore, an arrest warrant was issued.
>
> On July 28, 2022, all charges were bound over to the Dauphin County Court of Common Pleas. On June 27, 2023, the Commonwealth filed a motion to amend the criminal information to include one (1) count of recklessly endangering another person pursuant to 18 Pa.C.S.[A. §] 2705, which was granted following a hearing.

Trial Court Opinion, 12/20/2023, at 1-2 (superfluous capitalization omitted).

Important to this cross-appeal, prior to trial, the Commonwealth filed notice seeking to introduce evidence of other bad acts pursuant to Pa.R.E. 404(b). As the trial court recounts:

> On June 26, 2023, in response to the Commonwealth's notice that it intended to introduce evidence under Pa.R.E. 404(b), Appellant filed a motion in *limine* to exclude such evidence. Specifically, Appellant sought to exclude evidence of an incident [proffered] by the Commonwealth to prove Appellant's identity during the May

17, 2022 incident. During a June 28, 2023 pre-trial hearing, the Commonwealth indicated that it intended to introduce evidence, including a police report and [eyewitness] testimony of an incident involving Appellant that occurred on May 21[, 2022] and follow-up contact the police had with Appellant on May 24, 2022. [The May 21, 2022 incident involved allegations that Appellant sustained an injury to his foot after crashing his motorcycle which he had been operating at the same time of day and approximately one-half mile from the location of the May 17, 2022 incident, which forms the basis of this appeal.] During the hearing, counsel for Appellant argued that the evidence was more prejudicial than probative; however, the trial court permitted the Commonwealth to introduce said evidence at trial.

*Id.* at 5-6 (superfluous capitalization and record citations omitted).

Thereafter,

[a] jury trial was held on June 29, 2023, and Appellant was found not guilty of [] fleeing or attempting to allude and [] recklessly endangering another person. The [trial court] then found Appellant guilty of driving under suspension, careless driving, reckless driving, obedience to traffic control devices, disregarding traffic lanes, and failure to stop at a red signal.

*Id.* at 2.

The trial court did not sentence Appellant to a term of incarceration and, instead, imposed an aggregate fine of $750.00 and ordered Appellant to pay the costs of prosecution.[1] *See* N.T., 6/29/2023, at 126 ("We will just go with the fine[s]."). These timely cross-appeals resulted.[2]

_____

[1] The sentence was announced in open court following the summary convictions on June 29, 2023, but the trial court did not enter a sentencing order into the certified record.

[2] Appellant filed a timely post-sentence motion on July 10, 2023. *See* Pa.R.Crim.P. 720(A)(1) (Generally, post-sentence motions shall be filed no later than 10 days after imposition of sentence); *see also* 1 Pa.C.S.A. § 1908 *(Footnote Continued Next Page)*

On appeal, Appellant presents the following issue for our review:

Did the trial court err in [allowing the] introduc[tion of] evidence of an additional accident involving [Appellant], specifically incidents on May 21, 2022 and May 24, 2022, under Pa.R.E. 404(b), to establish identity, *modus operandi*, and *res gestae*, when leaving the scene is not a signature crime, the events in this case occurred [five] days later, and the probative value did not outweigh the prejudicial effect?

Appellant's Brief at 5.

Appellant argues that the trial court erred as a matter of law in admitting evidence pertaining to other bad acts because pursuant to "the identity exception under Pa.R.E. 404(b), the offered evidence must prove the perpetration of other crimes by the accused so nearly identical in method as to earmark them as the handiwork of the accused." *Id.* at 17 (citation omitted). Appellant maintains that the proffered other acts evidence and the instant charged crimes "fail to be particularly distinct or so similar in type that one appears to prove the other." *Id.* at 16. Appellant contends that the only similarities are that the "same motorcycle" and "same type of offenses" were at issue and that "[m]ore is demanded than the mere repetition of crime." *Id.* at 16-17. "While [there is no dispute that] the [motorcycle] was registered

_____

(for computation of time, if the last day of a proscribed time limit falls on a Sunday, it shall be omitted from the computation). By order entered on October 6, 2023, the trial court denied relief. Thereafter, Appellant and the Commonwealth filed timely notices of appeal. In separate orders, the trial court ordered both the Commonwealth and Appellant to file concise statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Both parties complied timely. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on December 20, 2023.

to [Appellant], … the question was whether he was the driver during both incidents." *Id.* at 23. Appellant posits that the driver was wearing different clothes in each incident. *Id.* at 23 ("In the May 17, 2022 incident, the driver wore a black helmet and pants, and had a black and white jacket. [I]n the May 22, 2022 incident, the driver wore a full-body blue and white suit and blue helmet.") (record citations omitted). Appellant asserts that "[a]dditionally, the so called 'similarities' of the same time of day, shortly after 12:00 p.m., in locations a half a mile apart do[] not demonstrate a signature style." *Id.* Moreover, Appellant posits, "recklessness in driving i[s] hardly a signature event." *Id.* at 24.

Likewise, Appellant challenges the introduction of other bad acts under the *res gestae* exception to Rule 404(b). *Id.* at 25-28. Appellant claims that evidence of "the May 21, 2022 incident did not grow out of the chase from police" at issue herein, "was not a subsequent chase or the result of the original chase on the same day" and was "simply another criminal offense." *Id.* at 27. Finally, Appellant maintains that even if "the exceptions were valid," the trial court erred by determining that the probative value of the evidence outweighed the prejudice because the evidence showed Appellant as "a serial eluder of [the] police and responsibility." *Id.* at 27-28.

This Court has previously determined:

When reviewing a claim concerning the admissibility of evidence, and specifically evidence of other crimes or bad acts by a defendant, we note:

> The admission of evidence is a matter vested within the sound discretion of the trial court, and such a decision shall be reversed only upon a showing that the trial court abused its discretion. In determining whether evidence should be admitted, the trial court must weigh the relevant and probative value of the evidence against the prejudicial impact of that evidence. Evidence is relevant if it logically tends to establish a material fact in the case or tends to support a reasonable inference regarding a material fact. Although a court may find that evidence is relevant, the court may nevertheless conclude that such evidence is inadmissible on account of its prejudicial impact.

An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record. Further, an abuse of discretion may result where the trial court improperly weighed the probative value of evidence admitted against its potential for prejudicing the defendant. When a trial court indicates its reason for its ruling, our scope of review is limited to an examination of that stated reason.

Jurisprudence regarding the admission of other crimes and bad acts is as follows:

> Evidence of distinct crimes is not admissible against a defendant being prosecuted for another crime solely to show his bad character and his propensity for committing criminal acts. However, evidence of other crimes and/or violent acts may be admissible in special circumstances where the evidence is relevant for some other legitimate purpose and not merely to prejudice the defendant by showing him to be a person of bad character.

These other purposes include, *inter alia*, proving the identity of the person charged with the commission of the crime on trial.

Identity as to the charged crime may be proven with evidence of another crime where the separate crimes share a method so distinctive and circumstances so nearly identical as to constitute the virtual signature of the defendant. Required, therefore, is such a high correlation in the details of the crimes that proof that a person committed one of them makes it very unlikely that anyone else committed the others.

In comparing the methods and circumstances of separate crimes, a court must necessarily look for similarities in a number of factors, including: (1) the manner in which the crimes were committed; (2) weapons used; (3) ostensible purpose of the crime; (4) location; and (5) type of victims. Remoteness in time between the crimes is also factored, although its probative value has been held inversely proportional to the degree of similarity between crimes.

\* \* \*

A review of Rule 404(b)(1) and relevant jurisprudence shows the other crime need not match every fact and circumstance of the charged crime before it may be used to prove identity.

*Commonwealth v. Weakley*, 972 A.2d 1182, 1188–1190 (Pa. Super. 2009)

(internal citations, quotations, and brackets omitted).

In addition,

our Supreme Court previously recognized another exception to Rule 404(b)'s general prohibition of other [or] "prior bad acts" evidence, referred to as the r*es gestae* exception. *See Commonwealth v. Lark*, 543 A.2d 491 (1988). Pursuant to *Lark*, evidence of other crimes and acts is admissible to enable the Commonwealth to tell the "complete [] story of the crime" by "providing its immediate context of happenings near in time and place." *Id.* at 497, *quoting*, *inter alia*, McCormick on Evidence § 190 (2d ed. 1972).

*Commonwealth v. Knupp*, 290 A.3d 759, 771 (Pa. Super. 2023). Evidence about the "course of the investigation" that led to arrest has been deemed "properly admitted under the *res gestae* exception to the general prohibition on admitting [other or] prior bad acts evidence." *Id.*, *citing Commonwealth v. Dillon*, 925 A.2d 131, 139 (Pa. 2007) (*res gestae* evidence admitted to explain events surrounding criminal conduct so that the case did not appear in a vacuum); *see also Commonwealth v. Ivy*, 146 A.3d 241, 251 (Pa.

Super. 2016) (citation omitted) ("An exception to Rule 404(b) exists that permits the admission of evidence where it became part of the history of the case and formed part of the natural development of facts."). Furthermore, our Supreme Court has recognized that "the trial court is not 'required to sanitize the trial to eliminate all unpleasant facts from [] consideration where those facts are relevant to the issues at hand and form part of the history and natural development of the events and offenses for which the defendant is charged.'" *Commonwealth v. Hairston*, 84 A.3d 657, 666 (Pa. 2014), *citing Lark*, 543 A.2d at 501.

Here, as the trial court recalled, on May 21, 2022 - four days after the May 17, 2022 incident which gives rise to this appeal, two eyewitnesses observed Appellant "operating a motorcycle at a high rate of speed and performing wheelies until he ultimately crashed the motorcycle, resulting in … a very serious injury to his right ankle."[3] Trial Court Opinion, 12/20/2023, at 6. There were no other individuals on the motorcycle. *Id.* The motorcycle operator fled before police arrived, leaving his motorcycle behind. *Id.* The police ran the license plate number of the abandoned motorcycle on their database and identified Appellant as the owner. *Id.* Moreover, on May 24, 2023, Appellant contacted the police about his motorcycle, and the police,

---

[3] At trial, one of the eyewitnesses specifically identified Appellant as the operator of the motorcycle on May 21, 2022. N.T., 6/29/2023, at 27. She testified that Appellant's motorcycle came "spinning" in front of her car and that Appellant, the driver, fell off. *Id.* at 17-18. Appellant took his helmet off and the eyewitness was able to identify him, before he limped into the woods nearby. *Id.* at 23-24.

when responding to Appellant's residence discovered that Appellant was "wearing a halo boot on his right foot."[4] *Id.* at 7. Police also confirmed that the same motorcycle was involved both the May 17th and May 21st incidents. *Id.* at 8. However, Appellant "maintained that he was not the operator of the motorcycle on May 21st [and] that another individual, that he did not know by name, was operating the motorcycle and that he was a passenger when the motorcycle crashed."[5] *Id.* at 7.

Ultimately, the trial court concluded:

> While Appellant maintains that it was improper to allow evidence of the May 21st crash and subsequent contact with police on May 24th, this argument lacks merit. Here, the same motorcycle was involved in both incidents which was registered to the same owner, the motorcycle was being operated in a reckless manner on both May 17th and May 21st, the incidents were only [four] days apart, and they took place roughly two miles apart during the same time of day. The evidence was properly admitted under [Rule] 404(b) [and] the evidence was more probative than prejudicial and was not in error[.]

*Id.* at 9.

We agree with the trial court's assessment and discern no error of law or abuse of discretion in allowing evidence of other acts under Pa.R.E. 404(b). Here, the Commonwealth did not offer the evidence to show a propensity to

---

[4] The presence of the halo boot on Appellant's right ankle and foot further linked Appellant to the events of May 21, 2022 since eyewitness testimony confirmed that Appellant sustained an injury to his foot when he crashed his motorcycle during the May 21st episode.

[5] Eyewitness testimony confirmed that there was no passenger on the motorcycle during the May 21st incident.

engage in certain conduct. Instead, the Commonwealth sought to show the steps taken by the police to identify Appellant as the driver on May 17, 2022. Eyewitnesses identified Appellant as operating the same motorcycle on May 21, 2022, and Appellant's injury on that day confirmed his association with that particular motorcycle. The injury confirmed the probable connection between the separate driving events, not the traffic violations. As such, we reject Appellant's suggestion that the driving incidents were not similar enough to prove identity under Rule 404(b). Thus, notwithstanding Appellant's objections, Appellant's identity as the operator of the motorcycle on May 17, 2022 was provable by evidence of other bad acts because of the substantial overlap between the events of May 17, 2022 and the later episode which occurred on May 21, 2022. Here, there was a high correlation in the details between the two incidents, including the motorcycle used, time of day, location, and closeness in time to each other. Moreover, under the *res gestae* exception, the Commonwealth was permitted to explain the history of the case and the natural development of facts, so that the police investigation did not appear in a vacuum. The Rule 404(b) evidence was relevant and admissible for the legitimate purpose of countering Appellant's defense that he was not the operator of the motorcycle on May 17, 2023; hence, the challenged evidence was not offered merely to prejudice Appellant by showing him to be a person of bad character. As such, we discern no error of law or abuse of discretion in admitting evidence of other acts under Rule 404(b). Accordingly, Appellant is not entitled to relief on his sole issue presented.

On cross-appeal, the Commonwealth presents the following issue for our review:

> Whether the trial court erred in imposing an illegal sentence and/or abused its discretion in misapplying the law and imposing an unreasonable sentence where it failed to impose a mandatory term of not less than 60 days' nor more than 90 days' incarceration pursuant to 75 Pa.C.S.[A.] § 1543(b)(1)(i)?

Commonwealth's Brief at 4. Here, as previously noted, the trial court did not impose any term of incarceration and, instead, merely imposed a fine and ordered Appellant to pay the costs of prosecution.

Our Supreme Court has held that

> when a sentencing court has no alternative but to impose a certain minimum sentence [] under this Commonwealth's jurisprudence, any challenge thereunder must relate to a sentence's legality. Accordingly, [] where a sentencing court is required to impose a mandatory minimum sentence, and that mandatory minimum sentence affects a trial court's traditional sentencing authority or the General Assembly's intent in fashioning punishment for criminal conduct, a [] challenge thereto sounds in legality of sentence and is therefore nonwaivable.

*Commonwealth v. Foster*, 17 A.3d 332, 344–345 (Pa. 2011). "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." *Commonwealth v. Warunek*, 279 A.3d 52, 54 (Pa. Super. 2022) (citation and brackets omitted).

In this case, Appellant was convicted under 75 Pa.C.S.A. § 1543(b)(1)(i), which provides:

- 11 -

> A person who drives a motor vehicle on a highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section[s] 3802 (relating to driving under influence of alcohol or controlled substance) or the former section 3731, because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3802 or former section 3731 or is suspended under section 1581 (relating to Driver's License Compact) for an offense substantially similar to a violation of section 3802 or former section 3731 shall, upon a first conviction, be guilty of a summary offense and **shall be sentenced** to pay a fine of $500 and **to undergo imprisonment for a period of not less than 60 days nor more than 90 days**.

75 Pa.C.S.A. § 1543(b)(1)(i) (emphasis added).

Regarding Section 1543(b)(1)(i), our decision in **Commonwealth v. Isadore**, 307 A.3d 677 (Pa. Super. 2023) is instructive. Therein, we determined that

> we [we]re constrained to vacate in part [Isadore's] judgment of sentence to the extent that the trial court sentenced [him] to a term of incarceration of 45 to 90 days, as this sentence is illegal pursuant to Section 1543(b)(1)(i). Pursuant to Section 1543(b)(1)(i), a trial court is required to sentence a defendant for a conviction thereunder "to undergo imprisonment for a period of not less than 60 days nor more than 90 days." 75 Pa.C.S.A. § [15]43(b)(1)(i). Because the trial court [had] imposed a minimum term of incarceration that was less than 60 days, [Isadore's] sentence [wa]s illegal.

**Isadore**, 307 A.3d 677, at *6, *appeal denied*, 2024 WL 4272696 (Pa. 2024).

Similarly, here, the trial court did not impose a mandatory term of incarceration for a period of not less than 60 days nor more than 90 days. Instead, the trial court determined that no term of incarceration was warranted. This resulted in an illegal sentence which must be corrected. As

- 12 -

such, we affirm Appellant's convictions but vacate his sentence and remand for additional proceedings, including imposition of the statutorily prescribed punishment for a conviction under Section 1543(b)(1)(i).

Convictions affirmed. Sentence vacated and case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/31/2024