J-S05012-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEREMY NGUYEN VAN SALEH | : | |
| | : | |
| Appellant | : | No. 1256 EDA 2025 |

Appeal from the Judgment of Sentence Entered April 15, 2025
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0001380-2024

BEFORE:   PANELLA, P.J.E., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:                 **FILED APRIL 29, 2026**

Jeremy Nguyen Van Saleh appeals from the judgment of sentence entered in the Court of Common Pleas of Monroe County after he pled guilty to unlawful contact with a minor.[1] After careful consideration, we affirm in part and vacate and remand in part.

The trial court accurately summarized the pertinent factual and procedural history of the matter as follows:

On January 3, 2025, [Appellant] pled guilty to amended count 2 of the criminal information, unlawful contact with minor—sexual offenses, a felony of the third degree.[2] The charge stems from an incident [that occurred] on or about June 1, 2017 during which

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6318(a)(1).

[2] In exchange for Appellant's plea, his seven remaining charges were *nolle prossed*.

[Appellant] touched the genitals of his nine-year-old stepsister [("Victim")]. Appellant] was 15 years of age at the time of the offense. At the time of [Appellant's] guilty plea hearing, [the court] directed the Monroe County Probation Department to conduct a presentence investigation and to furnish the court with a copy of its report [("PSI")]. On April 15, 2025, after reviewing the PSI prepared in this matter[, the court] sentenced [Appellant] to a period of incarceration for not less than ten [] months nor more than sixty [] months in a state correctional institution, restitution, and the costs of the proceedings.

Trial Court Opinion, 6/26/25, at 1-2 (unnecessary capitalization omitted).

On April 24, 2025, Appellant filed a motion for reconsideration of his sentence, which the court denied on April 29, 2025. Appellant timely filed a notice of appeal. Both Appellant and the trial court have complied with Pa.R.A.P. 1925. *See* Pa.R.A.P. 1925(a), (b).

Appellant presents the following questions for our review:

1. Whether the sentencing court abused its discretion and violated 42 Pa.C.S.A. § 9721(b) by disregarding mitigating and statutorily required factors and issuing a total confinement sentence, which was both manifestly excessive and not individualized, particularly considering that [] Appellant was a [15-year-old] child at the time of the offense?

2. Whether the sentencing court abused its discretion and violated 42 Pa.C.S.A. § 9721(b) by not placing the reasons for its sentence on the record at the time of sentencing?

3. Whether the sentencing court erred and rendered an illegal sentence that violated the Cruel and Unusual Punishment Clause of the [Eighth] Amendment by directing [] Appellant serve a total confinement sentence for an act he committed when he was a juvenile?

4. Whether the sentencing court erred when it ordered restitution for [Victim's] therapy, where no evidence established that the need for this therapy was caused by [] Appellant?

Appellant's Brief, at 6 (formatting altered; unnecessary capitalization omitted).

In his first and second issues, Appellant raises challenges to the discretionary aspects of his sentence. *See* Appellant's Brief, at 20-38; *Commonwealth v. Hill*, 348 A.3d 264, 286-87 (Pa. Super. 2025) (reviewing claim that court failed to properly consider mitigating factors as discretionary sentencing challenge); *Commonwealth v. Nevels*, 203 A.3d 229, 247 (Pa. Super. 2019) (reviewing claim that court failed to state sentencing factors on record as discretionary sentencing challenge).[3]

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Thompson*, 333 A.3d 461, 467 (Pa. Super. 2025) (citation omitted). Rather, an appellant must properly invoke this Court's jurisdiction to review the merits of a discretionary sentencing claim. *See Commonwealth v. Walker*, 305 A.3d 12, 20 (Pa. Super. 2023). "Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Commonwealth*

_____

[3] We note that Appellant entered an open guilty plea. *See* Guilty Plea and Colloquy, 1/7/25. "When a defendant enters an open guilty plea, he may challenge the discretionary aspects of the sentence imposed." *Commonwealth v. Davis*, 341 A.3d 808, 813 n.3 (Pa. Super. 2025) (citation omitted).

*v. Kramer*, 350 A.3d 975, 986 (Pa. Super. 2025) (brackets and citations omitted); *see* Pa.R.Crim.P. 720. Appellant has waived his discretionary sentencing challenges by failing to preserve them either at his sentencing proceedings or in his post-sentence motion. *See Kramer*, 350 A.3d at 986; Motion to Reconsider Sentence, 4/24/25, at ¶¶ 1-14; N.T. Sentencing, 4/15/25, at 1-11. Therefore, Appellant has failed to invoke our jurisdiction to review his discretionary sentencing claims. *See Walker*, 305 A.3d at 20.

Even if Appellant had properly invoked our jurisdiction to review the merits of his discretionary sentencing claims, *see Commonwealth v. Agugliaro*, 342 A.3d 105, 115 (Pa. Super. 2025) (discussing the four-part test an appellant must satisfy to invoke our jurisdiction), his challenges would fail. Appellant avers that the sentencing court violated the mandates of 42 Pa.C.S.A. § 9721(b) and abused its discretion by imposing a sentence of incarceration without properly considering mitigating factors, including his age at the time of the offense, "the excessive hardship that his incarceration would bring upon his wife and children[,]" his lack of criminal history, his "character and attitude[,]" or his confession to the crime "immediately upon being confronted by police[.]" Appellant's Brief, at 21, 26. Additionally, Appellant contends that the court further violated section 9721(b) and abused its discretion by failing to place its reasons for imposing his sentence on the record at the time of sentencing. *See id.* at 35-38.

When presented with a discretionary sentencing challenge, we review the sentencing court's decision using an abuse of discretion standard. ***See Commonwealth v. Campbell***, 347 A.3d 707, 718 (Pa. Super. 2025). To demonstrate an abuse of discretion, "the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." ***Id.*** (citation omitted).

> In deciding whether a sentencing court imposed a sentence that was clearly unreasonable, we are guided by the considerations listed in 42 Pa.C.S.[A.] § 9781(d)—that is, the nature and circumstances of the offense and the history and characteristics of the defendant; the opportunity of the sentencing court to observe the defendant, including any presentence investigation; the findings upon which the sentence was based; and the recommendations of the Sentencing Guidelines—and we review whether the trial court properly considered the sentencing factors outlined in 42 Pa.C.S.[A.] § 9721(b)—the protection of the public, the gravity of the offense with respect to the victim and the community, and the rehabilitative needs of the defendant. The weight accorded to the mitigating factors or aggravating factors presented to the sentencing court is within the court's exclusive domain. Where[] the sentencing court had a PSI, it is presumed the court was aware of and weighed all relevant information contained in the report along with any mitigating sentencing factors.

***Id.*** at 721-22 (citations, quotation marks, brackets, and footnote omitted).

Furthermore:

> In every case in which the court imposes a sentence for a felony or a misdemeanor, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed. The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has

been informed by the PSI; thus properly considering and weighing all relevant factors.

***Commonwealth v. Miller***, 275 A.3d 530, 535 (Pa. Super. 2022) (quotation marks, citations, and brackets omitted).

Prior to imposing Appellant's standard-range sentence, ***see*** Guideline Sentence Form, 4/15/25, the court indicated that it had reviewed Appellant's PSI. ***See*** N.T. Sentencing, 4/15/25, at 8. Accordingly, we presume that the court properly considered and weighed the information contained in the PSI as well as any mitigating factors, ***see Campbell***, 347 A.3d at 721-22, and satisfied the requirement of stating its reasons for the sentence imposed on the record. ***See Miller***, 275 A.3d at 535. While Appellant contends that the PSI did not account for mitigating factors, ***see*** Appellant's Brief, at 12, the PSI does not appear in the certified record, and therefore, we decline to address Appellant's contention concerning the contents of the PSI or any alleged deficiencies in the PSI further.[4] Accordingly, even if properly preserved, Appellant's first and second issues would not merit relief.

In his third issue, Appellant avers that his sentence constitutes cruel and unusual punishment under the Eighth Amendment because the court imposed a sentence of total confinement for an act that he committed when he was a

---

[4] ***See Commonwealth v. Brantley***, 349 A.3d 410, 417 (Pa. Super. 2025) ("Ultimately, the responsibility rests upon the appellant to ensure that the certified record is complete, which means that this Court has all the materials necessary to perform its review.") (citation omitted).

juvenile. **See** Appellant's Brief, at 39. Appellant asks this Court to determine that "incarceration sentences for offenses committed as a juvenile are categorically prohibited," or alternatively, to find that such sentences are unconstitutional as applied to him. Appellant's Brief, at 45. This claim does not entitle Appellant to his requested relief.

A claim that a sentence constitutes cruel and unusual punishment constitutes a challenge to the legality of the sentence imposed. **See Commonwealth v. Kurtz**, 294 A.3d 509, 534 (Pa. Super. 2023). "A claim that a sentence is illegal presents a pure question of law as to which our standard of review is *de novo,* and our scope of review is plenary." **Id.** (citation omitted).

> The Eighth Amendment prohibits "cruel and unusual punishments." **See** U.S. Const. amend. VIII. This prohibition does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences which are grossly disproportionate to the crime. To determine whether a sentence is grossly disproportionate, a court must employ the three-prong test from [**Solem v. Helm**, 463 U.S. 277 (1983)], by examining (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions.
>
> A court need not reach the second and third prongs of the test unless a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality.

**Commonwealth v. Davis**, 333 A.3d 731, 737 (Pa. Super. 2025) (some citations and quotation marks omitted).

Appellant's Eighth Amendment challenge fails. Appellant's argument is premised upon his contention that a juvenile cannot be incarcerated, and thus, an adult defendant cannot be incarcerated for a crime he committed when he was a juvenile. *See* Appellant's Brief, at 41-43. Appellant has failed to cite to any legal authority to support this contention, and we are unaware of any authority that would support his position. *See* Pa.R.A.P. 2119(a) (requiring argument advanced in appellant's brief to include "discussion and citation of authorities as are deemed pertinent"). Moreover, in his brief, Appellant has failed to discuss the *Solem* factors or provide any cogent argument to establish that the sentence imposed in his case "leads to an inference of gross disproportionality." *Davis*, 333 A.3d at 737 (citation omitted); *see Commonwealth v. Armolt*, 294 A.3d 364, 377 (Pa. 2023) ("Even a constitutional claim is not self-proving, and [courts] will not attempt to divine an argument on a litigant's behalf.") (internal quotation marks, brackets, and citation omitted); Appellant's Brief, at 39-46. Rather, the substantive argument Appellant advances in his brief suggests his true underlying grievance is that, in his view, the court did not adequately consider mitigating factors, including his age at the time of committing the offense, when fashioning his sentence. *See* Appellant's Brief, at 43-45. To that extent, Appellant's grievances properly sound in a challenge to the discretionary aspects of his sentence, as opposed to an Eighth Amendment challenge. *See*

***Hill***, 348 A.3d at 286-87.[5] Therefore, Appellant has failed to establish that his standard guideline-range sentence of 10 to 60 months' incarceration constitutes cruel and unusual punishment under the Eighth Amendment. Accordingly, Appellant's third issue does not warrant relief.

In his final issue, Appellant avers that the court's order of restitution was inappropriate because there was insufficient evidence of a causal nexus between the restitution ordered and his criminal conduct. Specifically, Appellant contends that there was no evidence introduced by the Commonwealth to show that his actions caused Victim's need for therapy. ***See*** Appellant's Brief, at 46. We disagree with this contention.

"A challenge to the trial court's authority to impose a sentence of restitution based on its finding that the restitution was a direct result of the criminal conduct is a challenge to the legality of the sentence." ***Commonwealth v. Risoldi***, 238 A.3d 434, 460 n.23 (Pa. Super. 2020) (citation omitted). Accordingly, our standard of review is *de novo* and our scope of review is plenary. ***See Kurtz***, 294 A.3d at 534.

Appellant was ordered to pay Victim mandatory restitution in the amount of $1,244.88, pursuant to section 1106 of our Crimes Code, which provides: "Upon conviction for any crime wherein[] the victim, if an individual, suffered personal injury directly resulting from the crime, the offender shall

_____

[5] However, as discussed at length above, Appellant did not properly preserve a discretionary sentencing challenge for our review.

be sentenced to make restitution in addition to the punishment prescribed therefore." 18 Pa.C.S.A. § 1106(a)(2). However, "restitution is only proper if there is a direct link between the crime and the requested damages for restitution to be ordered under section 1106(a)." **Commonwealth v. Warunek**, 279 A.3d 52, 54 (Pa. Super. 2022) (internal quotation marks, unnecessary capitalization, and citation omitted). To determine whether a direct causal connection exists between a defendant's criminal conduct and a victim's injury, courts apply a "but-for" test. **Commonwealth v. Stoops**, 290 A.3d 721, 724 (Pa. Super. 2023) (citation omitted). "The test asks if the damages would have occurred but for the defendant's criminal conduct." **Id.** (internal quotation marks and citation omitted).

At Appellant's sentencing hearing, the Commonwealth established a direct causal connection between Appellant's criminal conduct and Victim's injury. **See id.** at 724. In her victim impact statement, Victim disclosed her mental health diagnoses and described the mental anguish and trauma she endures because of Appellant's sexual abuse, which culminated in an attempt at taking her own life. **See** N.T. Sentencing, 4/15/25, at 6-7. Furthermore, Victim's mother indicated in her victim impact statement that Victim underwent extensive therapy, which resulted in out-of-pocket expenses, to cope with the lasting impact and trauma that Appellant's sexual abuse caused. **See id.** at 5. To the extent that Appellant disputes the adequacy of this evidence to establish a sufficient causal connection, our Supreme Court has

acknowledged that section 1106(c), which governs the imposition of mandatory restitution, is silent as to the "quantity or quality" of evidence required. ***Commonwealth v. Weir***, 239 A.3d 25, 38 (Pa. 2020). Therefore, we discern no error by the sentencing court in ordering Appellant to pay the requested $1,244.88 to Victim for the harm that resulted from his criminal conduct. Accordingly, Appellant's challenge to the legality of the restitution provision of his sentence, based upon the sufficiency of the causal nexus, fails.

Nevertheless, based upon our review of the record, we are constrained to find that the restitution provision of Appellant's sentence is illegal for a different reason.[6] When sentencing a defendant to mandatory restitution pursuant to section 1106, a court is required, "at the time of sentencing" to "specify the amount and method of restitution." 18 Pa.C.S.A. § 1106(c)(2). Subsection (c)(2) further provides:

> In determining the amount and method of restitution, the court:
>
> (i) Shall consider the extent of injury suffered by the victim, the victim's request for restitution as presented to the district attorney ... and such other matters as it deems appropriate.
>
> (ii) May order restitution in a lump sum, by monthly installments or according to such other schedule as it deems just.

---

[6] We may raise and review issues concerning the legality of a restitution sentence *sua sponte* on direct review. ***See Commonwealth v. Dahl***, 296 A.3d 1242, 1253 (Pa. Super. 2023).

(iii) Shall not order incarceration of a defendant for failure to pay restitution if the failure results from the offender's inability to pay.

(iv) Shall consider any other preexisting orders imposed on the defendant, including, but not limited to, orders imposed under this title or any other title.

18 Pa.C.S.A. § 1106(c)(2)(i)-(iv). A sentencing court's "[f]ailure to comply with [s]ection 1106(c)(2) results in an illegal sentence." *Commonwealth v. Royal*, 312 A.3d 317, 325 (Pa. Super. 2024) (citation omitted).

The record before us reflects that at Appellant's sentencing hearing, the court imposed a sentence of restitution in the amount of $1,244.88 to be paid to Victim without specifying the method of payment. *See* N.T. Sentencing, 4/15/25, at 9-10. Similarly, the court's sentencing order failed to specify a method of paying Victim restitution. *See* Sentencing Order, 4/15/25. Therefore, the court's failure to comply with the mandates of section 1106(c)(2) renders the restitution provision of Appellant's sentence illegal. *See Royal*, 312 A.3d at 325. Accordingly, we are constrained to vacate Appellant's judgment of sentence with respect to restitution.

For the foregoing reasons, we vacate with respect to the order of restitution only and affirm Appellant's judgment of sentence in all other respects. We remand the matter for the limited purpose of reimposing restitution in accordance with section 1106(c)(2) and making an on-the-record specification as to the method of payment.

Judgment of sentence affirmed in part and vacated in part. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/29/2026