J-A27024-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARLIN FLORENTINO BATISTA | : | |
| | : | |
| Appellant | : | No. 630 MDA 2024 |

Appeal from the Judgment of Sentence Entered March 14, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0000565-2020

BEFORE: LAZARUS, P.J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED MAY 13, 2025**

Marlin Batista appeals from the judgment of sentence imposed after she pled guilty to third degree murder.[1]  She challenges the discretionary aspects of her sentence.   Additionally, Batista's counsel asked to withdraw from representation and filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967).  Upon review, we grant counsel's petition and affirm the judgment of sentence.

On December 13, 2019, Batista and her husband Jose Jimenez-Reyes got into an argument that escalated into a physical altercation.  At some point, Batista ran into her residence and came out holding an object in her right hand.  Batista then charged at Jimenez-Reyes and attacked him, slashing at and stabbing him with a knife multiple times.  Ultimately, Batista stabbed him

_____

[1] 18 Pa.C.S.A. § 2502(c).

in the chest. Jimenez-Reyes was taken to the hospital. He died two days later. Batista was arrested and charged with criminal homicide.

On December 30, 2021, Batista entered an open guilty plea to third degree murder. On March 14, 2022, the trial court sentenced Batista to 20 to 40 years' incarceration, the maximum sentence. Batista filed a post-sentence motion, which was denied by operation of law.

Batista filed this timely appeal.[2] Counsel filed an **Anders** brief with this Court and a petition to withdraw. Batista did not retain independent counsel or file a *pro se* response to the **Anders** brief.

When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise [her] of [her] right to retain new

---

[2] Notably, Batista's post-sentence motion expired on July 22, 2022. However, the clerk of courts failed to enter an order deeming the motion denied by operation of law. Instead, the clerk of courts did not enter an order until April 17, 2024, well beyond the 120-day period. Consequently, Batista had 30 days from that date to file her appeal. Batista's appeal, which she filed on May 2, 2024, was timely.

counsel, proceed *pro se*, or raise any additional points [the defendant] deems worthy of this Court's attention.

***Commonwealth v. Edwards***, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of ***Anders***, *i.e.*, the contents of an ***Anders*** brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. Once counsel has satisfied the ***Anders*** requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Here, counsel filed both an ***Anders*** brief and a petition for leave to withdraw. Further, the ***Anders*** brief substantially comports with the requirements set forth by our Supreme Court in ***Santiago***. Additionally, the record included a copy of the letter that counsel sent to Batista of counsel's intention to seek permission to withdraw and advising Batista of her right to

proceed *pro se* or retain new counsel and file additional claims.[3]  Accordingly, as counsel has complied with the procedural requirements for withdrawing from representation, we will conduct an independent review to determine whether Batista's appeal is wholly frivolous.

In the **Anders** brief, counsel indicates that Batista challenges the discretionary aspects of her sentence.  **See Anders** Brief at 1, 5, 6. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010).  Instead, to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

> (1)whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]pellant's brief includes a concise statement of the reasons relied upon for allowance of

---

[3] Originally, counsel's **Millisock** letter did not advise Batista of her right to raise additional points that she deemed worthy of the Court's consideration pursuant to **Commonwealth v. Millisock**, 873 A.2d 748, 752 (Pa. Super. 2005).  This Court entered an order on March 14, 2025, directing counsel to comply.  Counsel complied and refiled a petition to withdraw as counsel and attached a copy of the revised **Millisock** letter on March 21, 2025.

By that same order, we directed counsel to supplement the record with the sentencing transcript, which was not included in the original submission of the record to this Court.  Counsel responded indicating that he confirmed the sentencing transcript had been forwarded.  In fact, however, this transcript was not sent.  Nonetheless, we ultimately requested the clerk of courts to send it to us and received it on April 16, 2025.  We remind counsel that it is Appellant's obligation to verify the contents of the certified record.  **See** Pa.R.A.P. 1911.  If this were not an **Anders** case, the sentencing claim could have been waived for failure to ensure that the certified record included all materials necessary for this Court to conduct its review.  **See Commonwealth v. Preston**, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*).

appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

**Commonwealth v. Colon**, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting **Commonwealth v. Austin**, 66 A.3d 798, 808 (Pa. Super. 2013)).

Batista filed her appeal timely and preserved her issue. However, upon review of the record, we observe that Batista did not include a proper Appellate Rule 2119(f) statement in her brief.[4] Nevertheless, we may ignore such defect in cases where counsel seeks leave to withdraw. **See Commonwealth v. Zeigler**, 112 A.3d 656, 661(Pa. Super. 2015) (noting where counsel has filed an **Anders** brief, this court has reviewed a discretionary sentencing claim, even absent a separate Rule 2119(f)

---

[4] Batista's statement is insufficient. "The purpose of the [Rule 2119(f)] statement is to allow the Superior Court to determine whether a substantial question is raised." **Commonwealth v. Fisher**, 47 A.3d 155, 159 (Pa. Super. 2012) (citation omitted). Here, however, Batista indicates in her statement that the trial court sentenced her at the high end of the standard range and did not consider her remorse. She baldly claims that she presents a substantial question without setting forth why it constitutes such a question for our review or citing any authority to support this claim. **Anders** Brief at 3. Instead, she only generally discusses the substantial question requirement in the merits portion of her brief. **See Anders** Brief at 6-7. "[W]e cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." **Commonwealth v. Provenzano**, 50 A.3d 148, 154 (Pa. Super. 2012) (citation omitted).

- 5 -

statement). Accordingly, we must determine whether Batista raises a substantial question.

Here, Batista essentially claims that the trial court abused its discretion by imposing an excessive sentence and failed to consider a mitigating factor, her remorse. *Anders* Brief at 3.

A bald claim of excessiveness does not constitute a substantial question. *Moury*, 992 A.2d at 170. However, we have stated that an excessiveness claim, together with a claim that the court failed to consider mitigating factors, does constitute a substantial question. *Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015). Therefore, we will consider Batista's sentencing claim.

Our standard of review of a sentencing claim is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006). Where there is an abuse of discretion, the sentence must be vacated. *See Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007).

The Sentencing Code requires that when sentencing a defendant, the trial court must first consider the sentencing guidelines. 42 Pa.C.S.A. § 9721(b). The court also must consider "the protection of the public, the

gravity of the offense in relation to its impact on the victim and the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Finally, before imposing a sentence of total confinement, the court must consider "the nature and circumstances of the crime[,] and the history, character, and condition of the defendant." 42 Pa.C.S.A. § 9725.

Batista claims that the trial court abused its discretion when it sentenced her at the high end of the standard range, without considering multiple mitigating factors. Specifically, she argues that the court failed to consider her remorse, including her voluntary plea, her lack of a prior record, and her children's testimony vouching for her good character and efforts as a mother. *Anders* Brief at 7. She further maintains that the court did not consider that she likely would be deported as a result of her sentencing. *Id.* at 5.

Upon review of the record, we observe that the trial court was informed of the applicable sentencing guidelines for Batista's conviction and noted that it carried a maximum sentence of 40 years' incarceration. N.T., 3/14/22, at 2, 4. The offense gravity score ("OGS") for third-degree murder was 14. Batista's prior record score was 0. The minimum standard range sentence was 6 to 20 years' (72 to 240 months') incarceration; the maximum sentence was 40 years' incarceration.

The trial court sentenced Batista to 20 to 40 years' incarceration. This sentence was a standard range sentence, albeit at the top end and the maximum penalty under the law for third degree murder. However, where a sentence is within the standard range of the guidelines, Pennsylvania law

views the sentence as appropriate under the Sentencing Code. *See Commonwealth v. Cruz–Centeno*, 668 A.2d 536 (Pa. Super. 1995).

Furthermore, our review of the record discloses that the trial court considered relevant mitigating factors. The trial court had a presentence investigation report ("PSI"), which it reviewed. N.T., 3/14/22, at 4, 27. It is well settled that where a sentencing court is informed by a PSI, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009).

Additionally, Batista's counsel argued several mitigating factors to the court in an attempt to obtain a lesser sentence for Batista. Counsel emphasized that Batista was remorseful, contrary to the Commonwealth's argument, maintaining that her remorse was "unexplainable" as she described in her letter to the court. N.T., 3/14/22, at 24. Counsel also argued that Batista had no prior criminal record; this was an isolated incident that escalated, and, as such, she was not a danger, and society did not need to be protected from her. *Id.* at 24-25. Counsel further noted that Batista was a helpful and caring person. Notably, when Batista realized what she had done, she tried to get Jiminez-Reyes to the hospital. *Id.* at 25. Moreover, despite various challenges and difficulties throughout her life, Batista did a good job of raising her children, which showed the type of person she is. *Id.* at 25-26.

Batista told the court about her family and how she immigrated to the United States in search of a better life for them. She raised her children on her own working several jobs at a time to provide for them. Batista further told the court that she had been abused mentally and physically throughout the course of her life, which affected her relationships. She explained to the court that her actions had a significant impact on her family too. Batista pleaded for leniency stating that she made an "unimaginable and terrible mistake unintentionally." *Id.* at 13-14.

Before sentencing Batista, the trial court told her:

> I have reviewed and I incorporate the [PSI] . . . the testimony of the victim's family, that is -- victim impact statement from [Jimenez-Reyes'] mother, [your testimony], the two letters which you have offered, and also the testimony of the witnesses which you have called today. In addition, I also [amongst other things] considered the arguments of [the Commonwealth and defense counsel].

***

N.T., 3/14/22, at 27. The trial court further explained:

> The sentence imposed today has taken into consideration confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and the community, and the rehabilitative needs of [Batista].

***

> Ms. Batista, your actions on December 13th of 2019 were senseless. You have shown a lack of remorse. You took the life of Jose Luis Jimenez-Reyes. You have caused much grief not only for his family, but for your own. That is the sentence of the [c]ourt.

N.T., 3/14/22, at 28-29.

The trial court clearly considered all the relevant sentencing factors, including mitigating ones, and weighed them accordingly. We observe that the trial court specifically considered Batista's remorse but did not find her credible. The court also considered the statements of Batista's family but weighed them against Batista given how her actions negatively affected them, as well as Jimenez-Reyes' family. On appeal, "[w]e cannot re-weigh the sentencing factors and impose our judgment in place of the sentencing court." *Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009). Therefore, we conclude that the trial court did not abuse its discretion when it sentenced Batista.

For the foregoing reasons, we conclude that Batista's sole claim on appeal is frivolous. However, our independent review in accordance with *Dempster* discloses a potential additional, non-frivolous issue which counsel may have overlooked.

We note that questions regarding the legality of a sentence "are not waivable and may be raised *sua sponte* on direct review by this Court." *Commonwealth v. Wright*, 276 A.3d 821, 827 (Pa. Super. 2022) (citation omitted and formatting altered). Review of the legality of a sentence "presents a pure question of law. As such, our scope of review is plenary and

our standard of review de novo."[5] *Id.* (citations omitted and formatting altered).

"If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." *Commonwealth v. Warunek*, 279 A.3d 52, 54 (Pa. Super. 2022) (citation omitted and some formatting altered).

When a trial court imposes a maximum sentence of imprisonment of two or more years, the Pennsylvania Board of Probation and Parole ("PBPP") has exclusive authority over the terms of the defendant's parole. *See* 61 Pa.C.S.A. § 6132; *see also Commonwealth v. Coulverson*, 34 A.3d 135, 141 (Pa. Super. 2011). Thus, any condition that a sentencing court imposes on a defendant's state parole is purely advisory. *Commonwealth v. Mears*, 972 A.2d 1210, 1211 (Pa. Super. 2009). Further, the authority to impose a no-contact provision as a special condition of a defendant's state incarceration rests with the Pennsylvania Department of Corrections ("DOC"). *Commonwealth v. Merced*, 308 A.3d 1277, 1284 (Pa. Super. 2024), *reargument denied* (Mar. 27, 2024), *appeal denied* 326 A.3d 394 (Pa. 2024). Therefore, trial courts do not have statutory authority to impose conditions on a state sentence, and "'any condition the sentencing court purport[s] to impose on [a defendant's] state parole is advisory only.'" *Id.* (quoting

---

[5] Because we can raise this issue *sua sponte*, we need not remand for an advocate's brief.

*Coulverson*, 34 A.3d at 141-42 (citation omitted)); *see also* 61 Pa.C.S.A. § 6134(b)(1) and (2).

Here, Batista's sentence included several conditions.[6]  N.T., 3/14/22, at 28.  However, because Batista's maximum sentence was 40 years, the trial court lacked the authority to impose these conditions as part of Batista's sentence.   The authority to set such conditions lies solely with the Pennsylvania DOC and PBPP.  Although the trial court was permitted to recommend that these conditions be implemented, it could not impose them as a matter of law.  Accordingly, we vacate Batista's sentence solely as it mandates these conditions, and we note that the trial court recommends these conditions to the Pennsylvania DOC and PBPP during her state sentence and parole.  We affirm the judgment of sentence in all other respects.

Judgment of sentence affirmed in part and vacated in part.  Petition to withdraw granted.  Jurisdiction relinquished.

---

[6] These conditions required Batista to:  have no contact with Jimenez-Reyes' family; refrain from using drugs and alcohol, unless prescribed by a doctor, and frequenting places which provide drugs or alcohol or associating with persons using drugs or alcohol; submit to random testing; provide a DNA sample; and undergo various evaluations and follow all counseling and courses of treatment.  N.T., 3/14/22, at 28.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/13/2025