J-S13024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM WILSON SMOOT, JR. | : | |
| | : | |
| Appellant | : | No. 1742 MDA 2024 |

Appeal from the Judgment of Sentence Entered October 30, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0000440-2022

BEFORE: PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED: JUNE 25, 2025**

William Smoot appeals from the judgment of sentence imposed after a jury found him guilty of multiple offenses arising from the murder of Anthony DelCollo. Additionally, Smoot's counsel asked to withdraw from representation and filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967). Upon review, we grant counsel's petition, affirm the judgment of sentence in part, and modify it in part.

On October 25, 2021, Smoot, Joseph Lachina, and Lydia Martin drove to meet DelCollo at a parking area near a park trail in Lower Alsace Township, Berks County, Pennsylvania, so Smoot could sell DelCollo Percocet. Smoot sat in the driver's seat, Martin sat in the front passenger seat, and Lachina hid in the SUV's cargo area.

After DelCollo arrived, he got into the back seat of the SUV. Smoot and DelCollo engaged in general conversation, but the conversation soon turned to the $300 that DelCollo owed Smoot. When DelCollo told Smoot he did not have the money with him but would have it later, Smoot became angry.

Lachina emerged from the cargo area and put DelCollo in a headlock. Smoot started punching DelCollo in the head. Smoot then went to the SUV's cargo area and pulled out a sword. The sword, which was stolen from a former taekwondo instructor's storage unit, had very distinctive features. Smoot opened the passenger door where DelCollo was sitting and stabbed him in the back. Smoot then dragged DelCollo from the vehicle to the ground, with the sword still in DelCollo's back, pulled it out, and chopped DelCollo on the side of his head multiple times. One of these wounds, the deepest, penetrated approximately 3 inches through DelCollo's skull and injured his brain. DelCollo tried to fight back, as indicated by his severed finger, but to no avail.

Smoot told Lachina to take DelCollo's truck, which Lachina later abandoned. Smoot and Martin left the scene and tried to clean DelCollo's blood from the SUV. After having sex in the backseat of the SUV, where Smoot had just stabbed Delcollo, Smoot and Martin went back to see if DelCollo was dead. They then went to Smoot's house and burned DelCollo's things and items with blood. The sword was cleaned and put on the shelf in Smoot's dining room.

Later that day, two people passing by the trail parking area found DelCollo dead on the ground.

Upon investigation, Smoot was arrested and charged with multiple offenses.

Following trial, a jury convicted Smoot of numerous offenses including first-degree murder, conspiracy to commit first-degree murder, possessing an instrument of a crime ("PIC"), and tampering with evidence.[1] Prior to sentencing, the Commonwealth gave notice of its intent to seek the mandatory minimum for first-degree murder.

On October 30, 2024, the trial court sentenced Smoot to life in prison for first-degree murder without the possibility of parole; 20 to 40 years' incarceration for conspiracy, imposed consecutively to the sentence for murder; and 30 to 60 months' incarceration for PIC and 12 to 24 months' incarceration for tampering with evidence, both imposed concurrently to the sentence for the sentence of murder. Sentences for all other offenses merged. Smoot did not file a post-sentence motion.

Smoot filed this timely appeal. Counsel filed an ***Anders*** brief with this Court and a petition to withdraw. Smoot did not retain independent counsel or file a *pro se* response to the ***Anders*** brief.

When presented with an ***Anders*** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. ***See Commonwealth v. Garang***, 9 A.3d 237, 240 (Pa. Super.

_____

[1] 18 Pa.C.S.A. §§ 2502(a), 903(a)(1), 907(a), and 4910(1).

2010). Pursuant to *Anders*, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise [him] of [his] right to retain new counsel, proceed *pro se*, or raise any additional points [the defendant] deems worthy of this Court's attention.

*Commonwealth v. Edwards*, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted).

In *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of *Anders*, *i.e.*, the contents of an *Anders* brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Once counsel has satisfied the *Anders* requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel,

intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Here, counsel filed both an ***Anders*** brief and a petition for leave to withdraw. Further, the ***Anders*** brief substantially comports with the requirements set forth by our Supreme Court in ***Santiago***.[2] Additionally, the record included a copy of the letter that counsel sent to Smoot indicating counsel's intention to seek permission to withdraw and advising Smoot of his right to proceed *pro se* or retain new counsel and file additional claims. Accordingly, as counsel has complied with the procedural requirements for withdrawing from representation, we will conduct an independent review to determine whether Smoot's appeal is wholly frivolous.

In the ***Anders*** brief, counsel indicates that he considered several issues that Smoot could possibly raise. Counsel first considered whether there were any non-frivolous issues regarding Smoot's objections to the Commonwealth's evidence, request for non-standard jury instructions, and conduct during closing argument. Counsel noted, however, that every objection made by Smoot was sustained and every objection made by the Commonwealth was

---

[2] This is a generous reading of the ***Anders*** brief; counsel's analyses regarding anything in the record that may arguably support the appeal and reasons for concluding the appeal is frivolous are sparse. Nevertheless, we decline to have counsel resubmit his brief to correct the deficiencies when this would serve no purpose other than to delay resolution of this appeal and waste judicial resources. ***See e.g. In re Adoption of V.G.***, 751 A.2d 1174, 1178 (Pa. Super. 2000). Because Smoot's appeal is clearly frivolous, we will address the merits of his issues.

overruled. Additionally, the trial court denied the Commonwealth's request for non-standard jury instructions. Furthermore, when Smoot objected to the Commonwealth's conduct and statements during its closing, which Smoot claimed was intended to inflame the jury, the court agreed to address Smoot's concern in its charge to the jury with a curative instruction. Thus, there were no errors for Smoot to challenge. ***Anders*** Brief at 1, 9.

Counsel next considered whether Smoot could assert a weight of the evidence claim or challenge the discretionary aspects of his sentence. Counsel observed, however, that these issues were not preserved for appeal. ***Id.*** at 9. Moreover, according to counsel, even if they had been preserved, they would be frivolous. ***Id.***

"A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." ***See*** Pa.R.Crim.P. 607.

To preserve a discretionary aspects of sentence claim, an appellant must raise the issue at sentencing or in a post-sentence motion. ***Commonwealth v. Shugars***, 895 A.2d 1270, 1273, 1274 (Pa. Super. 2006).

"Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); ***see also*** Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

Here, Smoot did not file a post-sentence motion raising a weight of the evidence claim or challenging the discretionary aspects of his sentence. He also did not orally make a motion as to the weight of the evidence or object to his sentence at the hearing before the trial court. Accordingly, these issues are waived. Because they are waived, they are frivolous under **Anders**. **See Commonwealth v. Tukhi**, 19 A.3d 881, 888-89 (Pa. Super. 2016) (citing **Commonwealth v. Kalichak**, 943 A.2d 285, 291 (Pa. Super. 2008)) (holding that when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous").[3]

---

[3] Upon review of the record, we note that the written notice of post-sentence rights, though technically accurate, may have been misleading. It provided in relevant part:

**I.    Optional Post Sentence Motion addressed to trial court.**

It is not necessary to first file a Post Sentence Motion with the trial court in order to be able to appeal to a higher court. However, you have the right to file such a motion . . . .

On the next page, it further provides:

II.    **Appeal to a Higher Court**.

(e)  It is not necessary that issues raised on appeal be actually raised in a Post Sentence Motion, so long as they were preserved by motion or objection before trial, during trial or at the sentencing hearing.

We observe that although it may not be necessary to file a post-sentence motion, some issues must be raised in a post-sentence motion if not previously raised, such as those raised here, in order to preserve them for appellate review.

*(Footnote Continued Next Page)*

Lastly, counsel considered the legality of Smoot's sentences. ***See Anders*** Brief at 9. Counsel observed in his petition to withdraw that Smoot's sentences were all within the statutory maximum and therefore legal.

"A general definition of an illegal sentence is one that exceeds the jurisdiction or power of the sentencing court to impose." ***Commonwealth v. Tobin***, 89 A.3d 663, 668 (Pa. Super. 2014) (citation omitted). "Pennsylvania judges retain broad discretion to sentence up to and including the maximum sentence authorized by statute; the only line that a sentence may not cross is the statutory maximum sentence." ***Commonwealth v. Gordon***, 942 A.2d 174, 182 (Pa. 2007) (internal quotation marks and citation omitted).

As counsel aptly noted, Smoot's sentences did not exceed the corresponding statutory maximums. However, our independent review in accordance with ***Dempster*** discloses a potential additional, non-frivolous issue regarding the legality of Smoot's sentence which counsel may have overlooked.

We note that questions regarding the legality of a sentence "are not waivable and may be raised *sua sponte* on direct review by this Court." ***Commonwealth v. Wright***, 276 A.3d 821, 827 (Pa. Super. 2022) (citation

---

Despite the confusion this language could have created, we nonetheless conclude that Smoot was advised adequately of his post-sentence rights given the court's statement on the record and counsel's signature on the notice indicating he reviewed Smoot's rights with him. We therefore agree with counsel that Smoot waived these issues by failing to file a post-sentence motion.

omitted and formatting altered). Review of the legality of a sentence "presents a pure question of law. As such, our scope of review is plenary and our standard of review de novo." *Id.* (citations omitted and formatting altered).[4] Further, "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." *Commonwealth v. Warunek*, 279 A.3d 52, 54 (Pa. Super. 2022) (citation omitted and some formatting altered).

When a trial court imposes a maximum sentence of imprisonment of two or more years, the Pennsylvania Board of Probation and Parole ("PBPP") has exclusive authority over the terms of the defendant's parole. *See* 61 Pa.C.S.A. § 6132; *see also Commonwealth v. Coulverson*, 34 A.3d 135, 141 (Pa. Super. 2011). Thus, any condition that a sentencing court imposes on a defendant's state parole is purely advisory. *Commonwealth v. Mears*, 972 A.2d 1210, 1211 (Pa. Super. 2009). Similarly, the authority to impose a special condition of a defendant's state incarceration rests with the Pennsylvania Department of Corrections ("DOC"). *Commonwealth v. Merced*, 308 A.3d 1277, 1284 (Pa. Super. 2024), *reargument denied* (Mar. 27, 2024), *appeal denied* 326 A.3d 394 (Pa. 2024). Therefore, trial courts do not have statutory authority to impose conditions on a state sentence, and

---

[4] Although we have identified a non-frivolous issue, because we can raise a legality of sentence issue *sua sponte* and review it de novo, we need not deny counsel's petition to withdraw and remand for an advocate's brief. In the interest of judicial economy, we will simply address the issue and correct that portion of the trial court's illegal sentence.

any such condition is advisory only. *See id.* (quoting *Coulverson*, 34 A.3d at 141-42 (citation omitted)); *see also* 61 Pa.C.S.A. § 6134(b)(1) and (2).

Here, Smoot's sentence included multiple conditions for him to adhere to during his incarceration and parole.[5][6] N.T., 10/30/24, at 20-21. However, because Smoot's sentence was more than two years, the trial court lacked the authority to impose these conditions as part of Smoot's sentence. The authority to set such conditions lies solely with the Pennsylvania DOC and PBPP. Although the trial court was permitted to recommend that these conditions be implemented, it could not impose them as a matter of law. Accordingly, we modify Smoot's sentence solely as it mandates these conditions, and we note that the trial court recommends these conditions to the Pennsylvania DOC and PFPP during his state sentence. We affirm the judgment of sentence in all other respects.

Except as noted above, our independent review discloses no other, non-frivolous issues, and we conclude that Smoot's appeal is frivolous.

_____

[5] These conditions included, but were not limited to, requiring Smoot to complete anger management, undergo task evaluation, comply with treatment recommendations, and not have contact with DelCollo's family.

[6] Although Smoot received a life sentence without the possibility of parole, we included that legal analysis because the trial court imposed conditions of parole also, not just incarceration.

- 10 -

Judgment of sentence affirmed in part and modified in part.  Petition to withdraw granted.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/25/2025